UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: _____

BYRON FAZANDE,

    Plaintiff,
vs.

CARNIVAL CORPORATION,
a Panamanian corporation,
d/b/a CARNIVAL CRUISE LINE,

    Defendant.
_____/

## **COMPLAINT FOR DAMAGES**

COMES NOW, the Plaintiff, BYRON FAZANDE ("Plaintiff"), by and through undersigned counsel, sues the Defendant, CARNIVAL CORPORATION, a Panamanian Corporation, d/b/a CARNIVAL CRUISE LINE ("Carnival"), and alleges:

## **DIVERSITY JURISDICTION**

1. Plaintiff is a citizen of Mureaux, Louisiana.

2. Defendant, CARNIVAL CORPORATION, is a Panamanian corporation, d/b/a CARNIVAL CRUISE LINE, with its worldwide headquarters, principal address, and principal place of business in Miami-Dade County, Florida.

3. The matter in controversy exceeds $ 75,000.00, exclusive of interest and costs.

4. There is complete diversity of citizenship herein and the Court has jurisdiction pursuant to 28 U.S.C. § 1332.

**ADMIRALTY JURISDICTION**

5. Pursuant to Defendant, CARNIVAL CORPORATION's standard form "Passenger Ticket," this action must be filed in the United States District Court, Southern District of Florida, and venue lies in the Miami Division of this Honorable Court.

6. This action is subject to the jurisdiction of this Court by virtue of 28 U.S.C. §1333 as the causes of action asserted in this Complaint arise under the General Maritime Law of the United States, in that the incident occurred on navigable water, or the injury was caused by a vessel on navigable water, and is connected with maritime activity.

7. At all times material hereto, Defendant CARNIVAL was a common carrier engaged in the business of marketing, selling and operating a cruise line out of various ports within the continental United States and owned, managed, operated, maintained, supervised and/or controlled, or was the owner pro hac vice and/or charterer of the ocean- going passenger vessel known as the *Carnival Glory*.

**VENUE**

8. Moreover, the CARNIVAL cruise passenger ticket issued to Plaintiff provides that injury cases occurring during Plaintiff's cruise, aboard the Carnival *Glory*, shall be litigated, if at all, before the United States District Court for the Southern District of Florida in Miami ... to the exclusion of the Courts of any other county, state or country."

9. Pursuant to 28 U.S.C. § 1391(b), venue is proper in the Southern District Court of Florida as the Defendant, CARNIVAL's principal place of business is within said district.

10. Accordingly, the Plaintiff's claims are governed by general maritime law.

## FACTUAL ALLEGATIONS

11. On or about September 16, 2019, Plaintiff was a fare-paying passenger aboard the Carnival *Glory*.

12. At said time and place, Plaintiff was caused to slip and fall on the stairs located at the starboard jacuzzi mid-ship on the Lido Deck (Deck 9) of the *Carnival Glory* due to worn and missing non-skid strip material located on the subject steps.

13. Specifically, as Plaintiff descended the stairs, his right foot slipped from the platform to the step below as a result of the missing non-skid material and he was caused to fall fracturing his right ribs.

## COUNT I - NEGLIGENCE

14. Plaintiff adopts and re-alleges each and every allegation in paragraphs 1 through 13, above.

15. Defendant, CARNIVAL, as a cruise operator, owes its passengers to exercise reasonable care under the circumstances to correct dangerous and risk-creating conditions which the carrier has actual or constructive notice and a duty to warn passengers of known dangers that are neither apparent nor obvious to passengers.

16. At all times material hereto, Defendant CARNIVAL knew, from its previous experience on the subject vessel and other vessels in its fleet, that maintenance of the non-skid strip material located on the steps and stairways of the vessel, particularly stairs leading to or from the ship's Jacuzzis that maintenance of the nonskid steps was required to prevent slips, trips, and falls and the failure to properly maintain said non-skid strip material would create a hazardous and dangerous condition to the Plaintiff and other passengers similarly situated.

17.     At all times material hereto, Defendant CARNIVAL, by and through its employees, servants, agents, and/or representatives acting within the course and scope of their employment, owed a duty to exercise reasonable care under the circumstances to its passengers, including Plaintiff. A photo of the missing, worn, and raised non-skid material is depicted below:



18.     Defendant CARNIVAL, through its employees, servants, agents and/or representatives, acting within the course and scope of their employment, breached its duty to

4

exercise reasonable care under the circumstances owed to Plaintiff, by committing one or more of the following acts and/or omissions:

    a. By failing to maintain the non-skid material strip located on Deck 9 thereby creating a dangerous and hazardous condition to Plaintiff and similarly situated passengers;

    b. By permitting the non-skid material strip located on the steps of Deck 9 to become worn to the extent that the non-skid strip was missing, worn, raised and in effective, creating a danger to Plaintiff and similarly situated passengers;

    c. By failing to inspect the condition of the non-skid material strip located on the steps of Deck 9 periodically thereby allowing the same to be in a state of disrepair, missing, torn and worn to the extent that the non-skid material strip was ineffective, raised creating a danger to Plaintiff and similarly situated passengers;

    d. By failing to appreciate the safety risk created by the missing and worn condition of the non-skid material metal on the exterior steps, thereby creating an unreasonably dangerous and hazardous condition;

    e. By failing to warn Plaintiff and similarly situated passengers of the condition of disrepair, and/or to segregate the stairway, to prevent the Plaintiff and similarly situated passengers from utilizing the stairway, thereby allowing thereby creating an unreasonably dangerous and hazardous condition to exist on the ship.

18. Upon information and belief, Defendant CARNIVAL, over the years, has received actual notice that passengers have fallen and been injured by improperly maintained non-skid material, as depicted in the photo below upon which Plaintiff fell.

19. As a direct and proximate result of the above-described negligence and carelessness by Defendant CARNIVAL, Plaintiff was injured in and about his body, including but not limited to multiple fractured ribs, pain and suffering, disability, mental anguish and inconvenience, the loss of the capacity for the enjoyment of life, and has incurred medical expenses in the past and will incur medical expenses in the future. All of said damages are permanent and continuing in

nature.

WHEREFORE, Plaintiff demands judgment against the Defendant for economic damages including medical other related expenses in the past and in the future; lost income in the past and lost income and earning capacity in the future; non-economic damages in the past and in the future including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life; all court costs, all interest due under the applicable law including interest from the date of the subject incident under General Maritime Law, and any and all other damages which the Court deems just or appropriate.

Plaintiff further demands a trial by jury of all issues so triable.

Dated this 16th day of April 2020.

        Respectfully submitted,

        ROBERT L. GARDANA, P.A.
        Attorneys for Plaintiff
        12350 SW 132 Court, #204
        Miami, Florida 33186
        PH: 305-358-0000
        FAX: 305-358-1680
        E-Mail: robert@gardanalaw.com
              staff@gardanalaw.com

        By: *Robert L. Gardana*
        Robert L. Gardana, Esq.
        Florida Bar No. 279668